José V. Usera, demandante y apelante, *v.* Jorge Bird Arias y Jaime Sifre, Jr., demandados y apelados.

No. 4658.—*Sometido:* Enero 23, 1929. *Resuelto:* Julio 23, 1929.

*Henry G. Molina, M. León Parra* y *A. E. Molina,* abogados del apelante; *Arturo Aponte* y *Jaime Sifre, Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El 7 de marzo de 1928, José V. Usera se dirigió por carta a la Fajardo Sugar Co. of Porto Rico en los siguientes términos:

"Muy señores míos: Como accionista de esa corporación, estoy interesado en examinar los libros de la misma, particularmente el libro de certificados y el registro de acciones, y les agradecería me indicaran dónde se encuentran los libros de la compañía y cuándo sería conveniente para ustedes que yo los examinara. Llevaré conmigo el certificado expedido a mi nombre para acreditar mi status como accionista de la compañía. Anticipándoles las gracias, tengo el gusto de quedar de ustedes, atto. y S. S., (fdo.) José V. Usera. JVU/LRA."

A ésta siguió una carta de fecha 13 de marzo que lee así:

"Muy señores míos: El 7 del corriente dirigí a ustedes una carta, copia de la cual les incluyo. No habiendo recibido contestación, asumo que ustedes no han recibido el original, y por eso les envío ésta certificada. Atto. y S. S., (Fdo.) José V. Usera. JVU/LRA."

El 23 de marzo, Usera solicitó un *mandamus,* y consiguió un auto alternativo. Después de celebrar una vista, la corte de distrito anuló el auto alternativo y desestimó la acción.

██ La relación del caso y opinión emitida por el juez de distrito procede sobre la teoría de que el demandante faltó en demostrar que el vicepresidente y administrador general de la corporación fuera el agente a cargo de la oficina principal y de los libros a que se refieren los artículos 12 y 20 de la Ley de Corporaciones. El juez de distrito también resolvió que las cartas dirigidas a la Fajardo Sugar Co.—no al demandado Jorge Bird Arias, ni habiéndose demostrado que las recibiera—no constituían un requerimiento suficiente, y que tal requerimiento debe hacerse mediante la comparecencia personal durante horas de oficina en el sitio en que se llevan los libros.

Los artículos 12 y 20 de la Ley de Corporaciones, secciones 418 y 426 de los Estatutos Revisados de 1911, leen como sigue:

"Artículo 12. Sesiones de la Directiva.—Si los estatutos o cláusulas de incorporación así lo dispusieren, los directores de cualquiera corporación organizada bajo esta ley podrán celebrar sus sesiones, tener una oficina y llevar los libros de la corporación excepto los libros de acciones y registros de transferencias, fuera de la Isla de Puerto Rico; *Disponiéndose,* sin embargo, que cada una de dichas corporaciones mantendrá una oficina principal en la isla, a cargo de un agente, en la cual se llevarán los libros de acciones y registros de transferencias, para la inspección de todos los que tuviesen derecho a verlos y para la transferencia de acciones. Por causa justificada podrá cualquiera corte de distrito de la isla disponer sumariamente que todos o algunos de los libros de dicha corporación se traigan desde luego a la Isla de Puerto Rico, conservándose allí en el lugar y por el tiempo que designare la orden; y podrá el tribunal que la dictare declarar caducada la carta constitucional de cualquiera corporación que dejara de cumplir dicha orden, cesando con ello de ser corporación, y quedando todos sus directores y oficiales incursos en desacato al tribunal por su desobediencia a dicha orden."

"Artículo 20. Registros de Traspasos.—Toda corporación organizada bajo esta ley, llevará en su oficina principal en la Isla de Puerto Rico, registros de traspasos en que asentarán las transferencias de acciones, y registros de acciones que contendrán los nombres y direcciones de los accionistas y número de acciones que poseen, los cuales registros podrán en todo tiempo, durante las horas ordinarias

de oficina, ser examinados por cualquier accionista. Diez días por lo menos, antes de una elección de directores u oficiales después de la primera, los directores dispondrán que el secretario u otro oficial designado por ellos, a cuyo cargo estuvieren dichos registros, haga una lista completa y exacta por orden alfabético, de todos los accionistas con derecho a votar en la próxima elección, expresándose en ella el domicilio de cada uno y el número de acciones que le pertenece. Esta lista se pondrá de manifiesto durante todas las horas hábiles, para su inspección por cualquier accionista, en la oficina principal de la corporación en la Isla de Puerto Rico, y cualquier oficial de la corporación, encargado de dichos registros o lista, que se negare a someterlos a examen, o dejare de hacerlo, al ser requerido por cualquier accionista, incurrirá por cada infracción de este precepto, en una multa de doscientos dollars que podrá demandarse en juicio ante cualquiera corte de distrito; de esa multa cien dollars serán a beneficio de El Pueblo de Puerto Rico, y el resto, con las costas del proceso, se adjudicará al demandante. Los citados registros constituirán la única prueba para determinar quiénes son los accionistas con derecho a examinar dichos registros o lista y a votar en la referida elección. La junta de directores presentará los referidos registros y lista el día y en el sitio en que tal elección se verifique, los cuales se dejarán allí durante la elección, y si los directores descuidan o rehusan presentarlos, quedarán incapacitados para ser elegidos en dicha elección para un cargo cualquiera. Cualquiera accionista cuyo nombre se hubiere excluído de la indicada lista, podrá mediante la debida notificación, recabar una orden sumaria de la corte de distrito en cuya jurisdicción radique la oficina principal, mandando que se inscriba su nombre en la lista de referencia.''

Nada hallamos en ninguno de los artículos anteriores que milite contra la idea de un requerimiento por correo. Tal requerimiento da a la corporación amplia oportunidad de cerciorarse de si el solicitante es en realidad un accionista de récord o no, de consultar su abogado respecto a cualquier cuestión de derecho envuelta, y de fijar un día y hora que no entorpezcan la transacción de los negocios ordinarios de la corporación. Un requerimiento por escrito también evita cualquier controversia respecto a lo que se dijo o se hizo por las respectivas partes, controversias que surgen usualmente en casos de requerimiento oral. Ordinariamente, un reque-

rimiento por correo es suficiente.  2 Cook on Corporations, 1396, sección 515.  El que se deje de actuar durante un período indefinido después que se haya hecho el requerimiento, equivale a una negativa del requerimiento.  14 C.J. 861, 862, sección 1313;  *Cobb* v. *Lagarde,* 30 S. 326.

Aquí, la corporación guardó silencio por más de tres semanas, no embargante haberse hecho un segundo requerimiento por medio de carta certificada dentro de diez días después del primero.  Esa tardanza sin ser explicada equivalió a una negativa, y el requerimiento hecho por correo era suficiente.

Entre las presunciones controvertibles establecidas por el artículo 102 de la Ley de Evidencia, se hallan las siguientes:

"20. Que se ha seguido el curso ordinario de los negocios.

 * * * * * * *

"24. Que una carta dirigida y cursada por correo debidamente, fué recibida en su oportunidad.

 * * * * * * *

"27. Que las cosas han ocurrido de acuerdo con el proceso ordinario de la naturaleza y los hábitos ordinarios de la vida."

Los únicos directores de la corporación residentes en Puerto Rico son Rafael A. Veve, Jorge Bird Arias, Eladio J. Candal, Jaime Sifre Jr. y Clifford A. Bellows.  Todos estos señores, salvo Sifre, viven en Fajardo.  Sifre reside en San Juan, y al manifestarle al abogado del demandante que los libros no estaban en su poder, se abandonó el procedimiento en torno suyo.  El otro demandado, Jorge Bird Arias, no compareció al juicio en la corte inferior, sino que en respuesta a un *subpoena duces tecum,* alegó estar exento de comparecer por virtud del artículo 114 de la Ley de Evidencia, que dispone que:

"Un testigo no estará obligado a comparecer como tal ante ningún tribunal, juez u otro funcionario, fuera del distrito en que residiere, a menos que la distancia desde el lugar de su residencia al sitio en que se celebrase el juicio, fuere menos de treinta millas."

De los oficiales mencionádos en el informe anual que se radicó el 29 de marzo, Jorge Bird Arias, vicepresidente y administrador general, es el único residente en esta Isla. La oficina principal de la corporación está en Fajardo. Si los libros no estaban en la inmediata posesión del demandado Bird Arias, el agente que los tenía en su poder es de presumirse que fuera un funcionario o empleado subordinado bajo la dirección general, superintendencia y dominio del vicepresidente y administrador general. En el curso ordinario de la rutina de una oficina, las cartas debieron haber llegado a manos del vicepresidente y administrador general o del agente a cargo de los libros. Una notificación a cualquiera de ellos constituía notificación implícita para el otro. Si Bird Arias no era el agente a cargo de los libros, le incumbía revelar la identidad de ese agente.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*