GUILLERMO J. GODREAU PHILEMON, demandante y apelante, *v.* GODREAU & COMPAÑÍA, S. EN C., demandada y apelada.

Núm. 8961.—*Sometido:* Diciembre 7, 1944. *Resuelto:* Diciembre 20, 1944.

*Erasto Arjona Siaca*, abogado del apelante; *María Melaine Godreau* y *Leopoldo Tormes García*, abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En su demanda, radicada ante la Corte de Distrito de Ponce, el demandante Guillermo J. Godreau Philemon solicitó se dictara sentencia a su favor ordenando a la sociedad demandada que le reconozca como socio colectivo de la misma y, en consecuencia, que le permita hacer un examen de su contabilidad, libros, documentos y comprobantes. Pidió, además, que se condenara a la demandada al pago de costas y honorarios.

Los hechos esenciales alegados en la demanda son:

La demandada es una sociedad civil agrícola en comandita, dedicada al cultivo de caña. Alega el demandante que desde el 6 de agosto de 1936 él es socio colectivo de Godreau & Compañía, S. en C., y que su participación en el capital y en los beneficios acumulados e indivisos asciende más o menos a unos $82,500; que con el propósito de estudiar ciertas irregularidades ocurridas en la contabilidad de la sociedad demandada, de las cuales se derivan pérdidas sustanciales para las finanzas de la sociedad, el demandante, en su carácter de socio, solicitó de dicha sociedad en repetidas oca-

siones que se le diese una oportunidad para examinar su contabilidad, libros y comprobantes; que la demandada contestó todas las súplicas amistosas del demandante con una negativa, alegando como única excusa la falta de autoridad y derecho por parte del demandante para pedir y realizar dicho examen; que la demandada se ha negado a reconocer al demandante como socio colectivo de la misma y se niega a reconocerle los derechos que como tal socio le corresponden de acuerdo con la ley, no permitiéndole que asista a las reuniones de los socios ni a intervenir en las votaciones, dejando de remitirle copias de los informes, inventarios y balances anuales y prescindiendo absolutamente del demandante en su condición de socio colectivo.

En su contestación la demandada niega que el demandante sea socio de Godreau & Cía., S. en C. y que tenga interés alguno en el capital o beneficios de dicha sociedad. Como materia nueva se alega que el demandante es miembro de la Sucesión de don Guilllermo Godreau Manatou, quien fué socio de la sociedad demandada hasta su fallecimiento en agosto 17, 1936; y que al fallecimiento de don Guillermo, su sucesión pasó a ser miembro de la sociedad, pero debiendo estar representada en la misma por el señor Eugenio Lecompte, según acuerdo de la Junta de Socios de fecha agosto 6 de 1936, ratificado por los herederos, entre los que figura el demandante, en 21 de agosto de 1936, todo ello sujeto a lo estipulado en el contrato social de la demandada. Se alega, además, que al demandante se le han dado todos los informes que las circunstancias han permitido le sean dados y que la demandada ha actuado siempre de acuerdo con lo que prescribe el contrato social y los acuerdos tomados por la Junta de Socios.

Como defensas especiales la demandada alegó:

1. Que la demanda no aduce hechos suficientes para determinar una causa de acción.

2. Que durante más de dos años con anterioridad a la radicación de la demanda, el demandante fué empleado a

sueldo de la demandada y como tal tenía conocimiento personal de las actividades y negocios de la sociedad.

3. Que todos los informes solicitados por el demandante y a los cuales pudiera tener derecho según el contrato social, le han sido suministrados; y que el examen de cuentas, libros y comprobantes que interesa el demandante se está llevando a cabo por el contador público autorizado, Juan C. Villariny.

Basándose en una extensa opinión, la corte inferior dictó sentencia declarando sin lugar la demanda y condenando al demandante al pago de las costas y $1,000 como honorarios de abogado.

Como fundamentos de su recurso el demandante apelante señala siete errores que a su juicio fueron cometidos por la corte sentenciadora.

Los siete señalamientos pueden condensarse en uno solo, para formular la única cuestión fundamental envuelta en este litigio: ¿erró el tribunal inferior al resolver que aun cuando el demandante es un miembro de la sucesión de Guillermo Godreau Manatou, no es en forma alguna un socio de la sociedad Godreau & Cía., S. en C.? Para contestar la pregunta que hemos formulado, nos hemos visto precisados a hacer un detenido estudio de toda la evidencia, de la cual haremos un resumen a continuación:

La sociedad aquí demandada fué constituída mediante escritura pública, en mayo 9 de 1921, siendo sus socios colectivos don Julio Godreau Manatou, don Guillermo Godreau Manatou, su esposa doña Clemencia Philemon de Godreau y don José Godreau Manatou, y su único socio comanditario don Julio Godreau Lanausse. El término de duración de la sociedad fué fijado en treinta años. En el hecho octavo de la escritura social se estipula que un socio colectivo podrá ser removido en cualquier tiempo por el voto de una mayoría de los socios colectivos. Se estipula además:

"En caso de remoción o de muerte, quiebra o insolvencia de un socio colectivo, esta sociedad no será disuelta, sino que por el con-

trario continuará entre los socios colectivos supervivientes y el socio comanditario; *y los herederos*, albaceas, administradores, receivers o trustees de la quiebra del fallecido, quebrado o insolvente, *no vendrá a ser socio, si no fuere así acordado unánimemente por todos los socios colectivos.*

"Un socio colectivo que haya sido removido y sus herederos . . . y cesionarios del socio fallecido, quebrado o muerto no tendrán derecho para intervenir o tomar parte en los negocios de la sociedad o para exigir ninguna liquidación, división o estado de cuentas de la sociedad . . . y no tendrán otro derecho que exigir a la sociedad que pague sin intereses el montante del capital aportado por dicho socio. . . . ." (Subrayado nuestro.)

En agosto 6 de 1936, con motivo de la enfermedad de don Guillermo Godreau Manatou, "managing partner", socio administrador de la sociedad demandada, se celebró una junta extraordinaria de socios a la que concurrieron todos los socios colectivos, y en dicha junta se acordó por unanimidad designar al señor Eugenio Lecompte para sustituir a don Guillermo Godreau como "managing partner", tomándose, además, el siguiente acuerdo:

"TERCERO: Se acuerda además ahora, por unanimidad, por los socios colectivos de Godreau & Cía., S. en C., que en caso de que por desgracia falleciere el manager partner de esta sociedad, don Guillermo Godreau Manatou, *sus herederos pasarán ipso facto a formar parte de esta sociedad como socios colectivos de la misma, según lo dispone la cláusula octava del contrato social,* pero deberán estar representados en la sociedad por don Eugenio Lecompte, quien en todo caso y hasta nuevo acuerdo de los socios, continuará desempeñando el cargo de manager partner de Godreau & Cía. S. en C., con las mismas facultades, derechos y obligaciones que se le otorgaron a don Guillermo Godreau Manatou, como tal manager partner, por la escritura sobre constitución de esta sociedad antes mencionada." (Bastardillas nuestras.)

Don Guillermo Godreau Manatou, socio colectivo de la sociedad demandada, falleció el 17 de agosto de 1936, bajo testamento de fecha junio 17 de 1929, por virtud del cual nombró e instituyó por sus únicos y universales herederos a sus hijos legítimos Guillermo—el aquí demandante—y María

Melanie, habidos en su matrimonio con Clemencia Philemon Gervais, y a sus tres hijos naturales reconocidos, llamados María Maximina, Arístides y Constancia, habidos con anterioridad a su matrimonio.

En agosto 21 de 1936, los herederos de don Guillermo Godreau otorgaron un documento por el cual manifestaron estar enterados del acuerdo tomado por los socios colectivos en agosto 6 del mismo año, inclusive la designación del señor Lecompte para representar a los herederos en la sociedad demandada, ratificaron dicho acuerdo y confirieron poder y autoridad al señor Lecompte para que en representación de dichos herederos actuara como *managing partner*.

La negativa de la sociedad demandada a permitir el examen de sus cuentas y libros por el demandante, quedó claramente establecida por la carta de febrero 2 de 1942, dirigida por el señor Lecompte al demandante, y por la copia del acuerdo tomado por los socios colectivos de la demandada en 29 de junio del mismo año. En dicho acuerdo se hace constar que "según la cláusula 8 de nuestro contrato social, don Guillermo J. Godreau no es un miembro de nuestra sociedad y no tiene derecho a inspeccionar los libros de contabilidad así como ningún otro documento de la compañía". En su declaración en el acto de la vista, la señora viuda de Godreau al ser preguntada si alguna vez se le negó al demandante el derecho a examinar los libros de la sociedad, contestó: "Sí, señor, después que ya no era empleado, se le negó, porque la junta de socios estuvo de acuerdo o estuvimos todos de acuerdo que no se le deberían dar". Y más adelante declaró: "Pero como todas esas cuestiones las pedía en su carácter de socio; y como nosotros todos tenemos la creencia de que él no es un socio de Godreau & Cía., que él forma parte de la sucesión de Guillermo Godreau que no era socio, no quisimos. Si nosotros le dábamos, en su carácter de socio cualquier documento, nosotros admitíamos una cosa que no estaba en nuestra manera de pensar. Una confesión de que era socio". El señor Lecompte declaró en el mismo

sentido, añadiendo: "En ese carácter que él pretendía, de socio, no tenía derecho a eso, pero que él podía, a través de la sucesión de Guillermo Godreau Manatou, tomar cualquier dato, informe, récord, documento o aclaración que fuere posible".

Un detenido estudio de la prueba documental nos lleva a la inescapable conclusión de que la corte inferior cometió manifiesto error al resolver que el demandante no tiene derecho a examinar los libros de contabilidad de la sociedad demandada. De acuerdo con la cláusula octava del contrato social, supra, la muerte de don Guillermo Godreau Manatou no causó la disolución de la sociedad. Ésta continuó en todo su vigor entre los socios colectivos supervivientes y el socio comandidatorio. ¿Qué podía o debía hacer la sociedad, en cuanto a la participación que en la misma tenía el socio fallecido y que por virtud de su testamento pasó a sus herederos? Estos no tenían, desde luego, derecho alguno a exigir que se les permitiese continuar en la sociedad como socios colectivos, pero sí tenían el derecho que les reconoce el artículo 1595 del Código Civil de exigir que se hiciese una liquidación de la participación que en la sociedad tenía su causante y que se les pagase el saldo que pudiera resultar a su favor. Los socios colectivos supervivientes no tenían derecho alguno para exigir a los herederos del socio fallecido que continuasen en la sociedad como socios colectivos. El contrato social contiene la disposición necesaria para hacer frente a esa situación. La misma cláusula octava dispone que los herederos del socio fallecido no vendrán a ser socios, "si no fuere así acordado unánimemente por todos los socios colectivos". Procediendo de conformidad con esa disposición, en agosto 6 de 1936, todos los socios colectivos de Godreau & Cía., incluyendo a don Guillermo Godreau Manatou, acordaron por unanimidad que al fallecimiento de don Guillermo "sus herederos pasarán *ipso facto* a formar parte de esta sociedad como socios colectivos de la misma". No siendo suficiente este acuerdo unánime de los socios colecti-

vos para obligar a los herederos del socio fallecido a permanecer en la sociedad, en agosto 21 de 1936, los herederos del señor Godreau aceptaron y ratificaron el acuerdo tomado por los socios colectivos, incluyendo la designación del señor Lecompte para actuar como socio administrador y para representar a los herederos en la administración de la sociedad.

Las palabras usadas por los socios colectivos en el acuerdo de agosto 6, 1936—"sus herederos pasarán *ipso facto* a formar parte de esta sociedad como socios colectivos"—son tan claras, que no es necesaria una interpretación judicial para fijar su significado. No dijeron los firmantes de dicho acuerdo que a la muerte de don Guillermo su sucesión, como entidad jurídica, pasaría a ser un socio colectivo, y si lo hubiesen dicho el efecto legal hubiera sido el mismo, toda vez que las sucesiones no tienen personalidad jurídica para contratar, ni para demandar o ser demandadas. La sucesión no es otra cosa sino el medio legal por el que los bienes de un finado se trasmiten o pasan a la persona que le sucede. Artículos 599 al 610 del Código Civil. Los contratos que se celebren y las acciones que se ejerciten con posterioridad a la muerte de un socio colectivo deben ser celebrados y ejercitadas por y a nombre de sus herederos individualmente, pues son ellos, los herederos, quienes suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones.

El efecto legal de la cláusula octava de la escritura social, considerada en relación con el acuerdo tomado en agosto 6, 1936 por los socios colectivos y la aceptación y ratificación del mismo por los herederos, fué el de convertir a cada uno de los herederos de don Guillermo Godreau Manatou en un socio colectivo de la sociedad demandada, con todos los derechos inherentes a esa condición.

Con el propósito evidente de evitar la intervención de todos y cada uno de los herederos, como socios colectivos, en la administración y manejo de los negocios de la sociedad, se dispuso en el acuerdo de agosto 6 de 1936 y fué así acep-

tado por los nuevos socios colectivos, que el señor Eugenio Lecompte sería el representante de los nuevos socios en la sociedad y que hasta nuevo acuerdo de los socios dicho señor Lecompte continuaría desempeñando el cargo de *managing partner* o socio administrador, con las mismas facultades que por la escritura social se concedieron a don Guillermo-Godreau Manatou, como socio administrador.

Ni el nombramiento del señor Lecompte, quien no es miembro de la sociedad demandada, para representar en ella a los nuevos socios colectivos, ni su nombramiento para el cargo de socio administrador pueden implicar en manera alguna una renuncia por parte de los nuevos socios del derecho que individualmente tiene cada uno de ellos para exigir que se le rindan cuentas de la administración de su participación en el capital social y de las ganancias que ese capital haya producido o mermas que haya podido sufrir. Tampoco puede sostenerse que por el mero hecho de haber nombrado al señor Lecompte para representarles en la administración de los negocios de la sociedad los nuevos socios colectivos renunciaron el derecho que les concede el artículo 110 del Código de Comercio para examinar el estado de la administración y de la contabilidad y hacer las reclamaciones que creyeren convenientes al interés común. El señor Lecompte, como apoderado de los nuevos socios colectivos y como gestor o administrador de los negocios de la sociedad, está obligado a rendir a los socios poderdantes cuentas de su administración, a suministrarles los informes que razonablemente le pidieren y a permitirles examinar las cuentas, libros y comprobantes de la sociedad, siempre que dicho examen sea practicado en forma tal que no interfiera en modo alguno con los negocios de la sociedad.

■■ La demandada es una sociedad civil agrícola, pero siendo mercantil en su forma por haber adoptado la modalidad comanditaria, que es una de las reconocidas por el Código de Comercio, las disposiciones de dicho Código le son

aplicables de acuerdo con lo dispuesto por el artículo 1561 del Código Civil, edición 1930. El artículo 110 del Código de Comercio, que es de perfecta aplicación al caso de autos, dispone:

"Artículo 110. En las compañías colectivas, todos los socios, administren o no, tendrán derecho a examinar el estado de la administración y de la contabilidad, y a hacer, con arreglo a los pactos consignados en la escritura de la sociedad o las disposiciones generales del derecho, las reclamaciones que creyeren convenientes al interés común."

El artículo 125 del mismo Código dispone que los socios colectivos de una sociedad en comandita "tendrán además los mismos derechos y obligaciones que respecto a los socios de la compañía colectiva quedan prescritos en la sección anterior", de la cual forma parte el artículo 110, supra. Véase Echavarri, Comentarios al Código de Comercio, tomo 2, págs. 230 y 231.

La jurisprudencia de los estados americanos reconoce el derecho que tiene todo accionista de una corporación a saber cómo se administran los negocios de la compañía y si el capital al cual él ha aportado una parte se está empleando prudente y provechosamente. Para poder obtener esa información, el accionista tiene derecho, en momentos que sean convenientes y oportunos, a inspeccionar todos los libros y records de la corporación. No se consideran como razones suficientes para denegar una solicitud de inspección el hecho de que ésta habrá de causar molestias a la compañía o que el accionista sea hostil a los oficiales de la corporación, o que la compañía esté dispuesta a suministrarle extractos o copias de sus libros o a permitirle que se haga un examen de la contabilidad por un perito nombrado por ambas partes. El derecho de los accionistas a inspeccionar los libros está basado en el hecho de que ellos son en realidad los dueños de los libros de la corporación, siendo los poseedores de dichos libros meros agentes de los accionistas. En cuanto pueda afectar a los hechos de este caso, la relación que existe

entre un accionista y la corporación es semejante a la que existe entre un socio y la sociedad de que forma parte. Am. Jur. Vol. 13, págs. 480 a 482. Véase *Usera* v. *Bird Arias,* 42 D.P.R. 818.

Apareciendo de la evidencia que hemos examinado, que el propósito de la inspección solicitada es el de comprobar si existen o no las irregularidades en la administración de los negocios de la sociedad a las cuales se hizo referencia en la vista del caso, opinamos que la corte inferior erró al dictar sentencia desestimando la demanda.

*Por las razones expuestas debe revocarse la sentencia recurrida y en su lugar dictarse otra declarando con lugar la demanda en cuanto al reconocimiento del demandante como socio colectivo de la sociedad demandada; ordenando a dicha sociedad y a sus socios, administradores, agentes y empleados que permitan al demandante el examen de la contabilidad, libros, documentos y comprobantes de la sociedad Godreau & Compañía, S. en C., fijando a ese efecto los días laborables y las horas que el demandante podrá utilizar para esos fines; y condenando a la sociedad demandada al pago de las costas, más la suma de $400 como honorarios del abogado del demandante.*